UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BUSINESS AIRCRAFT LEASING, INC., | ) ) ) |
| Plaintiff, | ) ) Case No. 3:19-cv-00219 |
| v. | ) ) Judge Trauger ) |
| BRIAN CARN and BRIAN CARN MINISTRIES, INC., | ) ) ) |
| Defendants. | |

## GRANTING OF ENTRY OF DEFAULT

Pending is Plaintiff Business Aircraft Leasing, Inc.'s Second Motion for Default Judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 17). Plaintiff initiated this complaint on March 12, 2019. (Doc. No. 1). The Court issued a Summons on March 13, 2019. (Doc. No. 5). The Summons were returned executed on June 11, 2019. (Doc. No. 9). The Clerk previously denied Plaintiff's Motion for Entry of Default. (Doc. No. 15).

The Proof of Service shows that on June 11, 2019 a process server personally served the Summons on Defendant Brian Carn. Under the Servicemembers Civil Relief Act (SCRA), a plaintiff must submit an affidavit stating whether the defendant is in military service and showing necessary facts to support the affidavit, or state that the plaintiff is unable to determine whether the defendant is in military service. 50 U.S.C. § 3931(b)(1). Plaintiff has now submitted an affidavit of military service for Defendant Brian Carn. Although the "necessary facts" are not in the format regularly used in Motions for Entry of Default, the Clerk finds the attached Affidavit meets the minimal standards established in 50 U.S.C. § 3931(b)(1). Plaintiff has also submitted an affidavit stating that Defendant Brian Carn is not an infant or incompetent person. (Doc. No. 17, page 2).

1

In the Clerk's denial of the Plaintiff's previous Motion for Entry of Default, the Clerk recognized that Brian Carn was Brian Carn Ministries, Inc.'s (BCMI) registered agent for service of process and the Clerk had no objection to the service taking place in South Carolina. The Clerk's stated concern was that the process server "erroneously checked the box for service of process on an individual, rather than the box for an individual 'who is designated by law to accept service of process on behalf of [the organization].'" (Doc. No. 15, page 2).

The Clerk has reviewed Plaintiff's Second Motion for Entry of Default, along with Plaintiff's explanation of Florida Statute, Title VI, §§ 48.081(3) and 48.091. The Clerk now finds that service of process on Brian Carn, as BCMI's registered agent for service of process, complies with Florida Statute. Upon further review, the Clerk also finds that error made by the process server, if any, is administrative in nature and does not affect sufficiency of service of process.

It appears that Defendants were duly served with a copy of the Summons and Complaint in this matter, and it further appears that Defendants have failed to plead or otherwise defend this action and more than twenty-one days have passed since the Defendants have been served, the Clerk finds that Entry of Default is appropriate. Accordingly, upon request of the Plaintiff, default is hereby entered against Defendants Brian Carn and Brian Carn Ministries, Inc.

_____
Kirk L. Davies
Clerk of Court